IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **PATRICK CARLSON,**<br><br>  Plaintiff,<br><br>vs.<br><br>**MAC'S CONVENIENCE STORES, LLC, d/b/a CIRCLE K,**<br><br>  Defendant. | Case No. 4:22-cv-697<br><br>(Removed from the Circuit Court of St. Charles County, Missouri, Case No. 2211-CC00476)<br><br>JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

COMES NOW Defendant Mac's Convenience Stores, LLC, d/b/a Circle K ("Defendant"), by and through its attorney, and gives notice that the case of *Patrick Carlson v. Mac's Convenience Stores, LLC, d/b/a Circle K*, initiated in the Circuit Court of St. Charles County, Missouri on or about May 23, 2022 and assigned Case Number 2211-CC00476 has, on this 1st day of July, 2022, been removed to the United States District Court for the Eastern District of Missouri, Eastern Division. As grounds for removal, Defendant states:

**I.      THE STATE COURT ACTION**

1.      On May 23, 2022, Patrick Carlson ("Plaintiff") filed a Petition in the Circuit Court of St. Charles County, Missouri ("the State Court") in an action titled *Patrick Carlson v. Mac's Convenience Stores, LLC, d/b/a Circle K*, Case Number 2211-CC00476 (the "State Court Action").

2.      Pursuant to 28 U.S.C. § 1446(a) and Local Rule 2.03, a copy of the State Court file is attached as Exhibit A, and the Petition is contained therein. No further proceedings have been had in this action or served on Defendant.

3. Defendant was served with a civil summons and a copy of the Petition via personal service on June 1, 2022. This Notice of Removal is filed within 30 days of service, and is timely filed under 28 U.S.C. § 1446(b)(3).

4. In his Petition, Plaintiff alleges that, during his employment with Defendant, he was subjected to discrimination and retaliation in violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010, *et seq.* ("MHRA"). *See* Ex. A, Petition, ¶¶ 3-64.

## II. JURISDICTION AND VENUE

5. The United States Supreme Court has held that, under 28 U.S.C. § 1446(a), defendant's notice of removal need only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). This language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.* Thus, courts should apply "the same liberal rules [to removal allegations] that are applied to other matters of pleading," and the notice of removal "need not contain evidentiary submissions." *Id.* at 551.

6. Because the United States District Court for the Eastern District of Missouri, Eastern Division, encompasses the Eleventh Judicial Circuit of St. Charles County, Missouri, this Court is the appropriate venue for removal. 28 U.S.C. §§ 105(a)(1), 1441(a), and 1446(a).

7. Removal is pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

## III. DIVERSITY OF CITIZENSHIP AND AMOUNT IN CONTROVERSY

8. Pursuant to 28 U.S.C. § 1332, District Courts have original jurisdiction over all actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and in which there is complete diversity of citizenship among the parties that have been properly joined. Here, the Court has jurisdiction over this matter on the basis of diversity jurisdiction.

A. *Diversity of Citizenship*

9. For diversity purposes, "a corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

10. To determine a corporation's "principal place of business," courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's executives direct, control, and coordinate the corporation's activities and administration. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). A corporation's principal place of business is normally the state in which it maintains its main headquarters. *Id.*

11. Defendant Mac's Convenience Stores, LLC is a limited liability company formed under Delaware law with its principal place of business in Columbus, Indiana. *See* Ex. B, Gargo Decl., ¶ 3. Defendant is a single-member limited liability company with its sole member being Couche-Tard U.S. Inc. Couche-Tard U.S. Inc. is a Delaware corporation with its principal place of business in Tempe, Arizona. *See* Ex. B, Gargo Decl., ¶ 4. Therefore, Defendant is a citizen of Delaware and Arizona for purposes of diversity jurisdiction. *See GMAC Comm. Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding an LLC's citizenship is that of its members for diversity jurisdiction purposes).

12. Plaintiff is a citizen of the State of Missouri. *See* Ex. A, Petition, ¶ 3.

13. Thus, Plaintiff is a citizen of the State of Missouri and Defendant is a citizen of Delaware and Arizona, and because there is complete diversity of citizenship between Plaintiff and Defendant, the diversity requirement is satisfied.

B. *Amount in Controversy*

14. Diversity jurisdiction pursuant to § 1332(a) also requires the amount in controversy, exclusive of interests and costs, be in excess of $75,000.

15. Where removal is based on diversity of citizenship, the removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. The standard for determining whether the jurisdictional threshold has been satisfied is "whether a fact finder might legally conclude" that a plaintiff's damages exceed $75,000. *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002), citing *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *see also In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834–35 (8th Cir. 2003) (amount in controversy is the potential value of plaintiff's claims, not the amount pled or the actual verdict).

16. The amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. Plaintiff's Petition does not state the amount in controversy in this action, but only pleads a jurisdictional amount in excess of $25,000.00 for circuit court jurisdiction. *See* Mo. Rev. Stat. § 517.011. Where removal is based on diversity of citizenship and the initial pleading does not demand a specific sum, "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(a); *see also Dart Cherokee*, 135 S. Ct. at 554.

17. Plaintiff prays for judgment in his favor and against Defendant for damages in excess of $25,000, including back pay, front pay, compensatory damages, and damages for alleged past and future mental anguish, inconvenience, loss of quality of life, and pain and suffering, for each of his two counts. *See* Ex. A, Petition, WHEREFORE clauses.

18. Defendant denies any and all liability and denies Plaintiff is entitled to such damages. However, for purposes of this removal, the amount in controversy exceeds the $75,000.00 threshold for removal.

19. Plaintiff was employed by Defendant from June 2020 to December 31, 2020 and

with Circle K Stores Inc.[1] from January 1 to February 4, 2021. *See* Ex. A, Petition, ¶¶ 5, 29; Ex. B, Gargo Decl., ¶ 6. During his employment, Plaintiff was paid at an hourly rate of $14.50 as a Store Manager. Most recently, Plaintiff was paid at an hourly rate of $13.00 as an Assistant Store Manager. *See* Ex. B, Gargo Decl., ¶ 7.

20. In his Petition asserting multiple claims under the MHRA, Plaintiff seeks damages "including back pay from the time of the unlawful discrimination and retaliation with interest thereon and fringe benefits, front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss [sic] quality of life, and pain and suffering, and other affirmative relief necessary," as well as costs and attorneys' fees. *See* Ex. A, Petition, WHEREFORE clauses.

21. Although Defendant denies liability and denies that Plaintiff is entitled to any relief, lost wages are recoverable under the MHRA. Mo. Rev. Stat. § 213.111. Plaintiff was paid at an hourly rate of $14.50 as a Store Manager. Most recently, Plaintiff was paid at an hourly rate of $13.00 as an Assistant Store Manager. *See* Ex. B, Gargo Decl., ¶ 7. Plaintiff also received a bonus of approximately $2,100.00 in September 2020. *See* Ex. A, Petition, ¶ 10. Most recently, Plaintiff worked, on average, 40 hours each work week while employed by Defendant as an Assistant Store Manager. *See* Ex. B, Gargo Decl., ¶ 8.

22. As of the filing of this Notice of Removal, Plaintiff's claimed back pay in lost wages from the date of his resignation on February 4, 2021, to the date of this filing, would be approximately $37,960.00 ($13.00/hr x 40 hours x 73 weeks).[2] This amount, combined with other

---

[1] Circle K Stores Inc. is a Texas corporation with its principal place of business located in Tempe, Arizona. *See* Ex. B, Gargo Decl., ¶ 5.

[2] Plaintiff alleges that Defendant reduced his hours from 60 hours per week to 30 hours per week. *See* Ex. A, Petition ¶ 20. Defendant denies this allegation, but even under the alleged reduced hours, Plaintiff's claimed damages will exceed $75,000.00. Under the most conservative approach, Plaintiff's lost wages amount to approximately $28,470.00 ($13.00/hr x 30 hours x 73 weeks). Still, this amount, combined with other alleged damages and attorneys' fees and costs, is easily above $75,000.

5

alleged damages and attorneys' fees, which on their own could exceed the jurisdictional minimum, is easily above $75,000.00. And, assuming a trial within one year of the date of filing of the Petition, Plaintiff's alleged back pay award alone could exceed $61,880.00 ($13.00/hr x 40 hours x 119 weeks).

23. Plaintiff also requests attorneys' fees, which alone could reasonably exceed $75,000 if Plaintiff prevails on his claims and further add to the amount in controversy. *See* Ex. A, Petition, WHEREFORE Clauses. Although Defendant denies Plaintiff is entitled to attorneys' fees or any other damages or relief, if successful, Plaintiff's request for attorneys' fees could push the amount in controversy even further over the jurisdictional minimum. Statutory attorneys' fees count toward the jurisdictional minimum for diversity jurisdiction. *Caldwell v. Gen. Motors, LLC*, 4:18-CV-01636 JAR, 2018 WL 6696624, at *3 (E.D. Mo. Dec. 20, 2018) (*citing Crawford v. Hoffman-La Roche, Ltd.*, 267 F.3d 760, 765 (8th Cir. 2001). Missouri courts routinely award attorneys' fees significantly in excess of $75,000 on their own. *See, e.g.*, *Trickey v. Kaman Inds. Tech. Corp.*, 705 F.3d 788, 798 (affirming the district court's attorneys' fees award of $201,375.50); *see also Hill v. City of St. Louis*, 371 S.W.3d 66, 70 (Mo. Ct. App. 2012) (awarding attorneys' fees in the amount of $326,000).

24. Additionally, in both Counts I and II of Plaintiff's Petition, Plaintiff has alleged that Defendant's actions warrant the imposition of punitive damages. *See* Ex. A, Petition, ¶¶ 50, 51, 63, and 64.[3]

25. In similar employment-related cases, the federal courts of Missouri have concluded

---

[3] Section 510.261.5 of the Revised Statutes of Missouri provides in part "[n]o initial pleading in a civil action shall contain a claim for a punitive damage award. Any later pleading containing a claim for a punitive damage award may only be filed with leave of the court." Thus, apparently to avoid the constraints imposed by §510.261.5 Mo.Rev.Stat., Plaintiff did not specifically plead punitive damages in the Wherefore clauses of Counts I and II of the Petition, but clearly Plaintiff is going to be seeking punitive damages under both claims. Thus, punitive damages should be considered in determining at the amount in controversy.

that the amount in controversy exceeds $75,000.00 where the alleged compensatory damages are less than the threshold amount but other items of damage are requested and available. *See, e.g., Polites v. Home Depot, U.S.A., Inc.*, 4:13CV143 CDP, 2013 WL 2420674, at *2-3 (E.D. Mo. June 3, 2013).

26. The combination of an unspecified amount of lost wages and other damages under the MHRA, and attorneys' fees, creates no question that the amount in controversy easily exceeds the jurisdictional minimum in this case.

27. Based on the foregoing standard, Defendant meets the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.

**IV.   COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

28. Pursuant to 28 U.S.C. § 1446(d), Defendant is filing today a Notice to the Circuit Clerk for the Circuit Court of St. Charles County, Missouri.

29. Pursuant to Local Rule 2.03, Defendant will file proof with this Court that the Notice to the Circuit Clerk was sent to the Clerk for the Circuit Court of St. Charles County, Missouri.

30. Pursuant to 28 U.S.C. § 1446(d), Defendant will provide a Notice to Plaintiff, stating that a Notice of Removal to the United States District Court for the Eastern District of Missouri was filed, and serving a copy of this Notice of Removal upon Plaintiff.

31. A Civil Cover Sheet and Original Filing Form are filed as attachments to this Notice.

WHEREFORE, having fulfilled all statutory requirements, Defendant removes the above-described action pending in the Eleventh Circuit Court of Missouri to this Court, and requests this

Court assume full jurisdiction over the matter as provided by law and permit this action to proceed before it as a matter properly removed thereto.

Dated: July 1, 2022                              Respectfully submitted,

                                                 /s/ Charles E. Reis, IV
                                                 Charles E. Reis, IV, Bar No. 32535
                                                 creis@littler.com
                                                 LITTLER MENDELSON, P.C.
                                                 600 Washington Avenue
                                                 Suite 900
                                                 St. Louis, MO  63101
                                                 Telephone:   314.659.2000
                                                 Facsimile:   314.667.3715

                                                 *Attorney for Defendant Mac's Convenience Stores, LLC, d/b/a Circle K*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 1st day of July, 2022, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system to the following:

Kevin J. Kasper
Ryan P. Schellert
KASPER LAW FIRM, LLC
3930 Old Hwy 94 South – Suite 108
St. Charles, Missouri 63304
KevinKasper@KasperLawFirm.net
Ryan Schellert@KasperLawFirm.net

*Attorneys for Plaintiff*

                                                 /s/ Charles E. Reis, IV

4860-6099-3830.7 / 110040-1016