### IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY, MISSOURI
### CIRCUIT JUDGE DIVISION

| | |
|---|---|
| PATRICK CARLSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.: |
| vs. ) | |
| ) | |
| MAC'S CONVENIENCE STORES LLC, ) | Div. |
| d/b/a Circle K ) | |
| Serve: ) | |
| CSC-Lawyers Incorporating Service Company ) | |
| 221 Bolivar St ) | |
| Jefferson City, Mo 65101 ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S PETITION
### FOR VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT

COMES NOW, Plaintiff Patrick Carlson, by and through his attorneys, and for his cause of action brought against Defendant Mac's Convenience Stores, d/b/a Circle K, states:

### JURISDICTION AND PARTIES

1. This complaint is authorized and instituted under the Missouri Human Rights Act (MHRA), Section 213.010 R.S.Mo. *et seq.*

2. Venue is proper because a substantial part of the events giving rise to this cause of action occurred in Saint Charles County, Missouri.

3. Plaintiff, Patrick Carlson is and was at all times relevant herein after mentioned, a resident of Missouri.

4. Defendant Mac's Convenience Stores, LLC ("MCS") is limited liability company that regularly conducts business in Saint Charles County, State of Missouri and commonly conducts business under the name "Circle K".

## FACTUAL BACKGROUND

5. Plaintiff began working for Mac's Convenience Stores in May or June 2020 as a Manager in Training.

6. Defendant gave Plaintiff good 60- and 90-day evaluations.

7. Defendant gave Plaintiff a 90-day evaluation with a rating of "High Performer".

8. Defendant gave Plaintiff his own store as a Store Manager after Plaintiff after approximately two months.

9. Plaintiff was eligible to receive quarterly bonuses as a store manager.

10. Plaintiff received a bonus of approximately $2,100.00 in September 2020.

11. Plaintiff started at the store on Caulks Hill Road in St. Charles County.

12. Plaintiff was moved to the store on O'Fallon Road in Saint Charles County when Plaintiff was promoted to store manager.

13. Plaintiff is disabled in that he has physical impairments that substantially limit major life activities including working and eating and interfere with Plaintiff's major bodily systems including cardiovascular and digestive systems.

14. In October 2020, Plaintiff took leave to have surgery on his cardiovascular system and a second surgery on his digestive system.

15. Plaintiff returned to work on January 22, 2021.

16. Defendant's Market District Manager Sarah Held harassed and discriminated against Plaintiff after Plaintiff returned from his surgeries.

17. Held demoted Plaintiff back to an assistant manager position and moved him to the Wentzville Store.

18. Held told Plaintiff she did not have anything else available, however, Plaintiff knew they had store manager positions open in the district.

19. Held reduced Plaintiff's pay from $14.50 per hour to $13.00 per hour and moved him to a non-bonus assistant manager position.

20. Held reduced Plaintiff's hours from approximately 60 hours to 30 hours per week.

21. Plaintiff complained to Van in Defendant's Human Resource department on or about January 25, 2021.

22. Van told Plaintiff he was busy and that he would call Plaintiff back, however, he did not do so.

23. Plaintiff called Human Resource again on or about January 26, 2021 and did not receive an answer.

24. Plaintiff also complained his store manager Rebecca that Plaintiff felt he had been discriminated against and retaliating against for having surgery.

25. On January 26, 2021 Sarah Held told Plaintiff that she was not retaliating against him and stated she could have fired Plaintiff but decided not to.

26. On February 4, 2021 Plaintiff asked Sarah Held why he could not be a store manager.

27. Held told Plaintiff that he "can't be disabled and be a store manager."

28. Defendant constructively discharged Plaintiff.

29. Plaintiff submitted his resignation on February 4, 2021 because the conditions became so intolerable that a reasonable person would not continue to work there and Mac's Convenience Stores continued to harass and discriminate against Plaintiff after he complained and failed to take action to remedy the situation.

30. Mac's Convenience Stores harassed, discriminated, and retaliated against Plaintiff because he is disabled, and/or because they regarded him as disabled and/or perceived him as being disabled.

## COUNT I – VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT: DISCRIMINATION

31. Plaintiff restates and incorporates as though fully stated herein, all previous paragraphs of his Petition.

32. This Count is brought pursuant to the Missouri Human Rights Act (MHRA), Chapter 213 of the Missouri Revised Statutes.

33. At all relevant times herein, the Defendant was an employer as defined by the MHRA.

34. Plaintiff is a member of the class of people intended to be protected by the Missouri Human Rights Act, including, section 213.010, *et seq.*

35. Plaintiff is disabled as defined under the MHRA.

36. Defendant harassed anddiscriminated against Plaintiff because of his disability.

37. The harassment and discrimination Defendant subjected Plaintiff to was frequent and continuing in nature.

38. Defendant limited, segregated, or classified Plaintiff in a way which would deprive or tend to deprive him of employment opportunities or otherwise adversely affect his status as an employee, because of disability.

39. Defendant discharged and discriminated against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment, because of his disability.

40. Defendants took discriminatory and harassing actions towards the Plaintiff in regards to his job duties and by treating non-disabled employees more favorable.

41. The discriminatory and harassing actions of Plaintiff's coworkers, managers and supervisors were sufficiently severe and/or pervasive that a reasonable person would find Plaintiff's work environment to be hostile, offensive and/or abusive.

42. Plaintiff found his work environment to be hostile, offensive and/or abusive.

43. Plaintiff complained to supervisors and HR of the Defendants about the issues but they each refused to address the situation.

44. The Defendant was aware of Plaintiff's disabilities.

45. The Defendant failed to reasonably accommodate Plaintiff's disabilities.

46. Defendants did not exercise reasonable care to prevent and promptly correct any harassing and discriminatory behavior by its employees.

47. The Defendant's articulated reasons for its actions were pretexts for unlawful actions.

48. Plaintiff has suffered financial loss, incurred attorney fees and costs, decreased business opportunities, emotional pain, suffering, inconvenience, loss of enjoyment of life as a result of the actions of the Defendant.

49. The Defendant's articulated reasons for its actions were pretexts for unlawful actions.

50. The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff's rights.

51. The Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

**WHEREFORE**, the Plaintiff Patrick Carlson prays this court after a trial by jury, for which a jury is hereby demanded, to find that the Defendant Mac's Convenience Stores, d/b/a Circle K, has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendant to make Plaintiff whole for the loss of income he has suffered as a result of

the unlawful acts of discrimination, and retaliation, including back pay from the time of the unlawful discrimination and retaliation with interest thereon and fringe benefits, front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $25,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; interest on all amounts, and to grant such additional and affirmative relief as the Court may deem just and proper.

## COUNT II – VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT: RETALIATION

52. Plaintiff restates and incorporates as though fully stated herein, all previous paragraphs of his Petition.

53. Defendant retaliated against Plaintiff because of his complaints of discrimination.

54. The Defendant took discriminatory actions towards the Plaintiff in regards to his job duties, by retaliating against the Plaintiff because of his complaints of discrimination.

55. The Defendant actions were directly and causally connected to Plaintiff's opposition of practices prohibited by the MHRA.

56. The Defendant limited, segregated, or classified Plaintiff in a way which would deprive or tend to deprive him of employment opportunities or otherwise adversely affect his status as an employee, because of his complaints of discrimination.

57. The Defendant retaliated and discriminated against Plaintiff because he opposed practices prohibited by Chapter 213 R.S.Mo. and/or because he filed a complaint, testified, assisted, or

participated in investigations, proceedings or hearings conducted pursuant to Chapter 213 R.S.Mo.

58. The Defendant, by its actions and failures to act, including but not limited to those described above, has consistently retaliated and discriminated against the Plaintiff on account of his complaints of discrimination on a continuing basis, since August 2019 to the date Plaintiff's employment ended on September 23, 2021, as an act or part of a pattern or practice of discrimination by the Defendant, as it relates to employment.

59. The Defendant, by its actions and failures to act, including but not limited to those described above, has consistently retaliated and discriminated against its employees on account of their complaints of discrimination on a continuing basis, as an act or part of a pattern or practice of discrimination by the Defendant, as it relates to employment.

60. Plaintiff's complaints of discrimination and opposition to practices prohibited by Chapter 213 of the Missouri Revised Statutes were a contributing and motivating factor and the exclusive cause in Defendant's retaliation and actions against him including his termination.

61. Plaintiff has suffered financial loss, incurred attorney fees and costs, decreased business opportunities, emotional pain, suffering, inconvenience, loss of enjoyment of life as a result of the actions of the Defendant.

62. The Defendant's articulated reasons for its actions were pretexts for unlawful actions.

63. The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff's rights.

64. The Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

**WHEREFORE**, the Plaintiff Patrick Carlson prays this court after a trial by jury, for which a jury is hereby demanded, to find that the Defendant Mac's Convenience Stores, d/b/a Missouri Department of Transportation has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendant to make Plaintiff whole for the loss of income he has suffered as a result of the unlawful acts of discrimination, and retaliation, including back pay from the time of the unlawful discrimination and retaliation with interest thereon and fringe benefits, front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $25,000.00 Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; interest on all amounts, and to grant such additional and affirmative relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff, through counsel, respectfully requests a trial by jury on all issues.

Respectfully submitted,

**KASPER LAW FIRM, LLC**

By: */s/ Kevin J. Kasper*
Kevin J. Kasper, #52171
Ryan P. Schellert, #56710
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: KevinKasper@KasperLawFirm.net
Email: RyanSchellert@KasperLawFirm.net

*ATTORNEYS FOR PLAINTIFF*

Electronically Filed - St Charles Circuit Div - May 23, 2022 - 03:54 PM